928 F.2d 412
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
AIRCAST INCORPORATED, Plaintiff-Appellant,
v.
ROYCE MEDICAL COMPANY, Lenox Hill Brace Shop, Inc., Lenox
Hill Orthotics, Inc., Tracy Grim and Jeffrey D.
Haines, Defendants/Cross-Appellants.
 Nos. 90-1232, 90-1238.
 United States Court of Appeals, Federal Circuit.
 Feb. 26, 1991.
 
 C.D.Cal.
 REVERSED.
 Before MARKEY, MAYER and PLAGER, Circuit Judges.
 DECISION
 PLAGER, Circuit Judge.
 
 
 1
 Plaintiff Aircast Incorporated (Aircast) appeals the grant of summary judgment by the District Court for the Central District of California, in Case No. 87-05834. In granting summary judgment, the District Court held that Johnson U.S. Patent No. 4,280,489 (the '489 patent) is unenforceable and invalid due to inequitable conduct before the Patent and Trademark Office (PTO). Defendants Royce Medical Company, Lenox Hill Brace Shop, Inc., Lenox Hill Orthotics, Inc., Tracy Grim and Jeffrey D. Haines (defendants) cross-appeal the District Court's holding that Aircast did not waive its attorney-client privilege and work-product shield as to all its communications related to Aircast's good faith. We reverse the grant of summary judgment, and dismiss the cross-appeal.
 
 OPINION
 
 2
 Inequitable conduct before the PTO can be grounded on a finding that material prior art was knowingly withheld from the PTO during prosecution of a patent application, with the intent to mislead. E.g., Halliburton Co. v. Schlumberger Technology Corp., No. 90-1191, slip op. at 7-8 (Fed.Cir. Feb. 13, 1991). This Court has consistently held that "gross negligence alone does not compel the inference of intent to deceive." Halliburton, slip op. at 18 (discussing this Court's in banc decision in Kingsdown Medical Consultants, Ltd. v. Hollister Inc., 863 F.2d 867, 876-77 (Fed.Cir.1988)). Rather, a finding of intent to mislead is not warranted unless "the involved conduct, viewed in light of all the evidence, including evidence indicative of good faith, [indicates] sufficient culpability to require a finding of intent to deceive." Kingsdown, 863 F.2d at 876. See also Halliburton, slip op. at 18.
 
 
 3
 Here the District Court concluded that, during prosecution of the application which issued as the '489 patent, material prior art was knowingly withheld from the PTO with intent to mislead. However, the District Court's conclusions on the issue of wrongful intent were apparently based on the wrong legal standard. The District Court noted that, in finding wrongful intent, "gross negligence is sufficient." Therefore, although the District Court held that "defendants have shown clear and convincing proof of intent to mislead," the facts listed by that Court in support of its decision indicate that the finding was based on gross negligence alone. This is clearly the wrong standard. Kingsdown and its progeny, none of which were cited by the District Court, outline the appropriate analysis.
 
 
 4
 The evidence set forth by Aircast on the issue of good faith, when viewed in a light most favorable to Aircast, makes it clear that a genuine issue of material fact exists in this case on the issue of intent to mislead. Summary judgment is inappropriate.[1] The grant of summary judgment on inequitable conduct is reversed, and the case is remanded for further proceedings consistent with this opinion.
 
 
 5
 We also, therefore, dismiss defendants' cross-appeal on the issue of waiver of attorney-client privilege and work-product shield, as the cross-appeal is rendered unreviewable at this time.
 
 
 
 [1]
 Inequitable conduct renders a patent unenforceable, but not invalid. The effect on any rights to enforce the patent, however, is basically the same whether a patent is declared invalid or unenforceable